[Civ. No. 4171. First Appellate District, Division Two.—May 18, 1922.]

ANTONE JENSEN, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO BRICK-MASON—STATUS AT TIME OF INJURY—EVIDENCE—EMPLOYEE AND NOT INDEPENDENT CONTRACTOR.—In this proceeding to review an award of compensation for an injury sustained by a brick-mason while plastering a chimney in a house which the petitioner was engaged· in altering and repairing for the owner, the finding that the brick-mason was an employee of the petitioner and not an independent contractor at the time of his injury is sustained by the evidence.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish and Fry & Jenkins for Petitioner.

A. E. Graupner and C. W. Davison for Respondents.

LANGDON, P. J.—This matter comes before us upon a writ of review. We are asked to annul an award of the Industrial Accident Commission granting to G. E. Scott, the applicant before said commission, $2,666.24 for injury to his eye, sustained while he was plastering a chimney, together with an allowance for medical expenses, etc.

The only question before us is as to the status of Scott and the relation between him and petitioner with respect to the work out of which the injury grew. The Industrial Accident Commission has concluded that Scott was an employee of Jensen, our petitioner. Petitioner, however, contends that Scott was either an independent contractor or an employee of Dr. Tooker, the owner of the house in Los Gatos upon which the work was being done. Dr. Tooker was before the Industrial· Accident Commission, contend-

Who are "employees" within meaning of compensation statutes, notes, Ann. Cas. 1917D, 18, 42, 504; Ann. Cas. 1918B, 661, 664, 679; L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201.

ing that Scott was an employee of Jensen and that no
liability of any kind arose on the part of said Tooker.
This view was accepted by the commission, which held Dr.
Tooker free from liability and awarded Scott compensa-
tion as an employee of Jensen.

The record shows that Dr. Tooker requested Jensen to
furnish him with an estimate of the cost of the alterations
and repairs which he desired to have made to his home;
that Jensen submitted an estimate of the cost, which was
apparently satisfactory to Dr. Tooker, and, thereupon,
Dr. Tooker directed Jensen to proceed with the work upon
the basis that Dr. Tooker would pay Jensen the cost of
labor and material, plus ten per cent. Dr. Tooker testi-
fied that he had no direct relation to Scott and had nothing
whatever to do with his employment or the direction of his
work. This testimony is corroborated by Scott.

Jensen was a contractor and builder. He testified that,
in the course of the work, it became necessary to build two
fireplaces and chimneys. Jensen, not being a brick-mason,
employed Scott to do this work. He had no specific agree-
ment as to the terms of payment for this bricklaying work,
but he furnished Scott with all materials for the work.
Mr. Jensen testified: ''I just gave him the size of the fire-
places, what was needed, and then he built the chimneys
accordingly. I know I left that entirely to Mr. Scott. I
knew he knew what was to be done. I gave him the size of
the fireplaces that I wanted, and he built the chimneys ac-
cordingly.'' Mr. Scott furnished his own personal tools, as he
stated was the custom with all bricklayers, and Mr. Jensen fur-
nished all materials, the mixing block and ''hod to take the
stuff in.'' Jensen had requested Scott to engage the men
necessary to do this work and accordingly Scott did so and
acted as superintendent of the operations on the brickwork,
as well as working manually himself. He stated that it was
customary for a foreman to collect from the contractor the
wages of his men and to pay the men directly. Accord-
ingly, Scott charged Jensen for his services and the services
of the men working with him as follows: $12 a day for
Scott as foreman; $11 a day for one journeyman brick-
layer; $8.50 a day for two helpers and $1 a day per man
paid to another person for transporting all of the men to
and from San Jose each day.

Scott charged no percentage and received no other compensation for his work than the union scale of wages, which was $11 a day, plus the usual charge of $1 a day for the duties performed by him as foreman. He stated that in the absence of an express agreement between himself and Jensen as to compensation, he assumed that the wages would be the union scale of wages. This was also what was in the mind of Mr. Jensen, evidently, because he made no objection to Scott's charges based upon said union scale of wages for himself and the men working with him.

While Scott was engaged in plastering a flue, mortar splashed in his eye, burning it badly and causing a permanent injury, according to the medical testimony before the commission.

Scott stated that he sometimes did work by the "job" and sometimes by the day. While it is true that in this instance he engaged the men who were working with him, he was told to do so by Mr. Jensen.

[1] We think, under these facts, the finding of the Industrial Accident Commission that Scott was an employee of Jensen and not an independent contractor at the time of his injury is sustained by the evidence.

Petitioner directs our attention to the evidence in the record that Scott was not a member of the brick-mason's union and that the rules of the said union prohibited union men from working with a nonunion journeyman bricklayer; that under the rules of said union its members could only work with Scott if Scott was acting as a contractor. The men who worked with Scott were union men and understood these rules. However, all the witnesses stated that these rules were often violated, and their existence and observance were not matters binding upon the Industrial Accident Commission in reaching its conclusions. The testimony regarding these matters was doubtless given due weight, but was found not to offset the other matters in the record which support the finding of the commission regarding the status of Scott.

The award of the Industrial Accident Commission is affirmed.

Nourse, J., and Sturtevant, J., concurred.